RECORD NO. 14-2207

IN THE

# United States Court of Appeals

### FOR THE FOURTH CIRCUIT

---

HOMESITE INSURANCE COMPANY,

*Plaintiff - Appellee,*

v.

KYLE RALEY,

*Defendant - Appellant.*

----------------------------------------

PATRICK STAPLETON;
MIKAL STAPLETON

*Defendants.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA
HON. CLAUDE M. HILTON, PRESIDING

---

**RESPONSE BRIEF OF APPELLEE
HOMESITE INSURANCE COMPANY**

---

Robert McCay Hardy
JORDAN COYNE LLP
10509 Judicial Drive, Suite 200
Fairfax, Virginia 22030
(703) 246-0900 Telephone
r.hardy@jocs-law.com

March 27, 2015                    *Counsel for Appellee*

---

**LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477**
**A Division of Lantagne Duplicating Services**

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No.  14-2207          Caption:   Homesite Insurance Company v . Kyle Raley, et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Homesite Insurance Company
(name of party/amicus)

who is _____appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?                    ☑ YES ☐ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:
      Homesite Insurance Company is a wholly owned subsidiary of Homesite Securities Company LLC, a wholly owned subsidairy of Homesite Group Incorporated, a wholly owned subsidiary of AMFAM, Inc., a wholly owned subsidiary of American Family Mutual Insurance Company.

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                    ☐ YES ☑ NO
      If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: <u>Robert M. Hardy /s/</u>                    Date: <u>    11/25/2014    </u>

Counsel for: <u>Homesite Insurance Company</u>

# CERTIFICATE OF SERVICE
**************************

I certify that on <u>    11/25/2014    </u> the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

<u>Robert M. Hardy /s/</u>                    <u>    11/25/2014    </u>
   (signature)                                      (date)

# TABLE OF CONTENTS

Page #

Table of Contents. ………………………….. .. . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities………………………………………………………... .. ii

Statement of the Issues Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      B.    The District Court Properly Entered Default Judgment
           Against the Stapletons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      C.    The Default Forecloses Future Litigation of the
           Coverage Dispute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Statement as to Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Compliance (FRAP 32(a)(7)(C)) . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

<u>Page #</u>

*Builders Mut. Ins. Co. v. Wallace*, 2012 U.S. Dist. LEXIS 129534
(E.D. Va. Aug. 20, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*,
383 F.2d 249 (4th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Cont'l Casualty Co. v. W. Mach. & Tool, Inc.*, 2004 U.S. Dist. LEXIS
20463 (E.D. Tex. June 21, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*DIRECTV, Inc. v. Rawlins*, 523 F.3d 318 (4th Cir. 2008) . . . . . . . . . . . . . . . 12

*Hartford Acci. & Indem. Co. v. Peach*, 193 Va. 260, 68 S.E.2d 520 (1952) . . . 14

*Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391,
469 S.E.2d 469 (Ga. Ct. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Kim v. Nyce*, 807 F.Supp.2d 442 (D. Md. 2011) . . . . . . . . . . . . . . . . . . . . . . . 13

*McKinney v. Colvin*, 2013 U.S. Dist. LEXIS 46780
(W.D.N.C. Mar. 30, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Meeks v. Friedman*, 138 Fed. Appx. 316 (4th Cir. 2005) . . . . . . . . . . . . . . . . 8

*Moultrie v. Byars*, 585 Fed. Appx. 286 (4th Cir. 2014) . . . . . . . . . . . . . . . . . . 11

*Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334
(4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Pelligrino v. UPS*, 2010 U.S. Dist. LEXIS 30970
(D.S.C. March 30, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Penn Am. Ins. Co. v. Valade*, 28 Fed. Appx. 253 (4th Cir. 2002) . . . . . . . . . . 14

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778 (4th Cir. 2001) . . . . . . . . 12

*Scottsdale Ins. Co. v. Bounds*, 2012 U.S. Dist. LEXIS 62009
    (D.Md. May 2, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 14

*United States v. George*, 971 F.2d 1113 (4th Cir. 1992) . . . . . . . . . . . . . . . . 10

*United States v. Moradi*, 673 F.2d 725 (4th Cir. 1982) . . . . . . . . . . . . . . . . . . 8

*Wojcicki v. Aiken Tech. College*, 360 Fed. Appx. 484 (4th Cir. 2010) . . . . . . . 9, 10

<u>Other Authority</u>

Wright, Miller & Marcus, *Federal Practice and Procedure*,
    Civil 3d § 3070.2 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## I.     STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.     Whether the District Court properly entered default judgment in favor of the plaintiff insurer against the defendant insureds for failure to file a responsive pleading notwithstanding the fact that the co-defendant injured party timely filed an Answer.

2.     Whether the District Court properly granted declaratory judgment to the plaintiff insurer because the insureds' default and the resulting admissions serve to foreclose the co-defendant injured party from further litigating the issue of insurance coverage.

## II.    STATEMENT OF THE CASE

This appeal arises out of a declaratory judgment action filed by the Appellee, Homesite Insurance Company ("Homesite"), in which the District Court entered default judgment in favor of Homesite and against its putative insureds, Mikal Stapleton and Patrick L. Stapleton (collectively, the "Stapletons").

Homesite filed the Complaint on February 25, 2014, naming the Stapletons and Appellant Kyle M. Raley ("Raley") as defendants.  A5.  The Complaint was served on the Stapletons on March 25, 2014, but they failed to file a responsive pleading.  A2.  Raley timely filed an Answer on April 24, 2014.  A65.

On May 12, 2014, U.S. District Judge Claude Hilton issued an Order instructing Homesite to obtain a default against the Stapletons.  A72.  Homesite

1

filed a Request for Entry of Default and a Motion for Default Judgment on May

20, 2014. A74, 76. A default was entered under Fed. R. Civ. Proc. 55(a). A85.

The Motion for Default Judgment sought a declaration finding that:

> (a) The shooting incident of June 5, 2013, was
> and is not covered by the Homesite policy; and
>
> (b) Homesite has no duty to defend or indemnify
> Patrick L. Stapleton with regard to the shooting incident
> of June 5, 2013; and
>
> (c) Homesite has no duty to pay any sum which
> Patrick L. Stapleton may become legally obligated to pay
> arising from the shooting incident of June 5, 2013; and
>
> (d) Homesite is entitled to its costs of suit.

A80. Raley filed no Opposition to this Motion, and did not otherwise object to the

relief requested therein. The Motion for Default Judgment was referred to

Magistrate Judge Theresa Buchanan. A3. A hearing was held on June 6, 2014.

A87-90. Raley's counsel appeared at the hearing but raised no objection to the

entry of default judgment. *Id.*

Judge Buchanan issued a Report and Recommendation on June 20, 2014,

finding that the facts set forth in Homesite's Complaint were deemed admitted.

A98. On this basis, Judge Buchanan recommended:

> [T]hat default judgment be entered against defendants
> Patrick Stapleton and Mikal Stapleton declaring that,
> pursuant to Homeowners Policy No. 32039274, plaintiff
> is not obligated to (1) defend or indemnify defendant
> Patrick Stapleton with regard to the shooting incident of
> June 5, 2013, or (2) pay any sum that defendant Patrick

2

Stapleton may become legally obligated to pay arising from the shooting incident of June 5, 2013.

A103.

Raley filed an Objection to the Report and Recommendation on July 3, 2014, asserting that the Stapletons' default is not binding on Raley. A105. Raley argued that the Motion for Default Judgment "should be denied, or deferred pending adjudication of Raley's claim on its merits." A113. In the alternative, Raley asked the District Court "to affirmatively declare that the Default Judgment is not binding as to Defendant Raley." *Id.*

On October 3, 2014, Judge Hilton affirmed the Magistrate Judge's findings, and entered a default judgment against the Stapletons declaring that:

> [P]ursuant to Homeowners Policy No. 32039274, plaintiff is not obligated to (1) defend or indemnify defendant Patrick Stapleton with regard to the shooting incident of June 5, 2013, or (2) pay any sum that defendant Patrick Stapleton may become legally obligated to pay arising from the shooting incident of June 5, 2013

A122. This appeal followed. A124.

## III.  STATEMENT OF FACTS

On June 5, 2013, Patrick Stapleton ("Patrick") shot Raley in the buttocks with a semiautomatic silver and black Smith and Wesson .40 caliber handgun, Serial #DVU7049 (the "gun" or "handgun"). A6. The shooting took place at a

3

private residence located at 1301 Burton River Road, Lothian, Maryland 20711.
A6-7.

At the time of the shooting, Patrick was visiting a friend, Christopher Rock, and the two men had been drinking with Raley, who was also a friend of Mr. Rock. A7. Mr. Rock had been carrying the handgun, which he legally owned. *Id.* Mr. Rock handed the gun to Patrick and asked him to take it inside and put it in Mr. Rock's bedroom. *Id.* Raley had passed out and was sleeping in another bedroom. *Id.*

According to the police investigation, Patrick confessed to shooting Raley with the handgun. A7. Patrick told the police that he thought the handgun was a BB gun, and that he thought it would be funny to shoot Raley with a BB gun in the buttocks while he was sleeping. *Id.* Raley sustained injuries to his femoral artery requiring emergency surgery, a lengthy stay in a hospital intensive care unit, and physical rehabilitation.[1] *Id.*

On August 6, 2013, Patrick pled guilty in the District Court for Anne Arundel County, Maryland, to a criminal charge of reckless endangerment based on the June 5, 2013 shooting incident. A7. He was sentenced to a jail term of five years, of which 4 years, 10 months, and 15 days were suspended, and he was given credit for 14 days' time served. *Id.*

---

[1] Raley has not yet filed suit against Patrick Stapleton. A7.

Recently, and contrary to his earlier confession, Patrick asserted that he did not intend to pull the trigger. A10. Rather, he claimed that he accidentally pulled the trigger while banging the gun against the wall in an effort to wake up Raley. *Id.*

The shooting incident was reported to Homesite as a claim under Homeowners Policy No. 32039274 (the "Policy"). A7. Homesite had issued and delivered the Policy to Mikal Stapleton, Patrick's father, for the policy period of October 28, 2012 to October 28, 2013. A8. The Insured Location under the Policy is 11447 Mount Herman Rd., Ashland, Virginia. A17. The Policy provided liability limits of $300,000 for Personal Liability under Coverage E, and $3,000 for Medical Payments to Others under Coverage F. *Id.*

Under Coverage E, the main insuring clause states as follows:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> > 1.  Pay up to our limit of liability for the damages for which the "insured" is legally liable; and
> >
> > 2.  Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. . . .

A45.

5

The Policy contains several pertinent definitions. "Occurrence" means an "***accident*** . . . which results, during the policy period, in a. 'Bodily Injury'; or b. 'Property damage.'" A35 (emphasis added). "Insured" means "you and residents of your household who are: a. Your relatives; or b. Other persons under the age of 21 and in the care of any person named above. . . ." *Id.* The terms "you" and "your" refer to Mikal Stapleton, who is the named insured shown in the Declarations. A17, 35.

The Policy also contains the following relevant exclusion:

> Coverage E - Personal Liability and Coverage F - Medical Payments to Others, do not apply to "bodily injury" or "property damage":
>
> > a. Which is expected or intended by the "insured";
> > . . . .

A46.

Homesite sought declaratory judgment on the grounds that Patrick Stapleton is not an "insured" under the Policy, the shooting incident was not an "occurrence" as defined by the Policy, and this incident was excluded from Coverages E and F because it was expected or intended by Patrick Stapleton. A9. Homesite has further reserved the right to assert any additional coverage position or defense as appropriate based on further investigation. *Id.*

6

## IV.  <u>SUMMARY OF ARGUMENT</u>

The District Court properly entered default judgment against the Stapletons. There was no need to defer such a ruling, as demonstrated by the authority cited in the Appellant's Brief.  Indeed, Raley has no standing to challenge the entry of default judgment against another party.

Moreover, Raley filed no opposition to the Motion for Default Judgment, nor did he otherwise respond.  Therefore, the District Court did not abuse its discretion in denying Raley's request to defer entry of default judgment, as well as his alternative request for a finding that this judgment is not binding on him—both requests that were made for the first time after the Magistrate's Recommendation was issued.

Finally, the declaratory judgment entered by the District Court, finding that coverage is not available under the Policy for the June 5, 2013 shooting, was eminently justified.  The Stapletons' default serves to foreclose future coverage litigation by any party—including Raley.  As explained in the Magistrate's Report and Recommendation, the default constitutes a binding admission by Patrick Stapleton that he intentionally shot Raley.  Since the coverage issue at bar hinges on Patrick's mental state, this admission necessarily leads to the conclusion that the shooting was not an "occurrence" within the meaning of the Policy.  No amount of discovery can change this outcome.

7

## V.   <u>ARGUMENT</u>

### A.   Standard of Review

Trial judges are vested with discretion in entering default judgments.  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).  The decision to enter a default judgment is reviewed for abuse of discretion.  *Meeks v. Friedman*, 128 Fed. Appx. 316, 317 (4th Cir. 2005) (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).

### B.   The District Court Properly Entered Default Judgment Against the Stapletons

Raley asserts that the District Court should not have entered default judgment against the Stapletons, or should have deferred this ruling until after Raley's claim had been adjudicated on the merits.  However, Raley himself cites *Scottsdale Ins. Co. v. Bounds*, 2012 U.S. Dist. LEXIS 62099 at *15-21 (D. Md. May 2, 2012) for the proposition that there is no need to defer entry of default judgment against a defendant insured due to the presence of another non-defaulting defendant.  *See Builders Mut. Ins. Co. v. Wallace*, 2012 U.S. Dist. LEXIS 129534 at *6 (E.D. Va. Aug. 20, 2012) (granting default judgment against the insured).  And Raley cites no Fourth Circuit precedent to the contrary.  Moreover, Raley does not have standing to contest the entry of default against another party.  *See Cont'l Casualty Co. v. W. Mach. & Tool, Inc.*, 2004 U.S. Dist. LEXIS 20463 at *2-6 (E.D.

8

Tex. June 21, 2004) (holding injured party could not seek to vacate default judgment entered against insured).

Importantly, Raley did not respond in any way to the Motion for Default Judgment prior to the issuance of the Magistrate Judge's Report and Recommendation. Therefore, it was improper for Raley to object to the requested default judgment after the Magistrate Judge issued her Report and Recommendation. Raley was not free to "sit out" the first stage of adjudication before the Magistrate Judge. Having failed to participate at this initial and critical stage, he should not now be heard to complain.

A district court should ordinarily refuse to "entertain objections based on legal arguments that were not presented to the magistrate judge." Wright, Miller & Marcus, Federal Practices and Procedure, Civil 3d § 3070.2 (2014). The rationale for this rule is simple:

> The goal of referral to a magistrate judge is to expedite decision and remove burdens from the district judge. That goal could be subverted—and magistrate judges undermined—if parties could hold back arguments from the magistrate judge and present them later to the district judge.

*Id.*

This procedural question remains unresolved in the Fourth Circuit. *See Wojcicki v. Aiken Tech. College*, 360 Fed. Appx. 484, 487 (4th Cir. 2010) ("we need not decide whether the district court could or should have considered an issue

9

raised for the first time after the magistrate judge issued the recommendation").[2]

However, there is no question that where a party seeks to raise an entirely new issue that was never presented to the Magistrate Judge (as opposed to a new argument relating to an issue that was previously raised), the new issue can properly be disregarded by the District Judge. *McKinney v. Colvin*, 2013 U.S. Dist. LEXIS 46780 at *4-5 (W.D.N.C. Mar. 30, 2013), *aff'd*, 552 Fed. Appx. 214 (4th Cir. 2013).

Here, Raley raised no arguments whatsoever in response to Homesite's Motion for Default Judgment and did not object in any way to the relief requested—despite having counsel present at the hearing—until the Magistrate's Report and Recommendation was issued.  Under the circumstances, Raley had no legitimate basis for filing an Objection asserting that he would be prejudiced by the entry of default judgment against the Stapletons.  The District Judge certainly did not abuse his discretion in entering default judgment as requested in Homesite's unopposed Motion.

---

[2] The *Wojcicki* opinion cited *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992), which held that "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate."  However, the *Wojcicki* court plainly did not view this holding as conclusive of the issue presented, and instead rested its decision on other grounds. *Wojcicki*, 360 Fed. Appx. at 487.  *See Pellegrino v. UPS*, 2010 U.S. Dist. LEXIS 30970 at *12-13 (D.S.C. Mar. 30, 2010) (questioning whether new arguments should properly be considered by the district court).

In the same vein, Raley asked the District Court to "affirmatively declare that the Default Judgment is not binding as to Defendant Raley." A113. However, if Raley was opposed to the entry of a default judgment against the Stapletons without an explicit proviso stating that such judgment would not be binding on him, then Raley should have raised this in opposition to the Motion for Default Judgment. Instead, Raley failed to respond to the Motion, waited until the Report and Recommendation had been issued, and only then demanded that the District Court clarify his rights. The District Court did not abuse its discretion in refusing to indulge this request.

### C.    The Stapletons' Default Forecloses Future Litigation of the Coverage Dispute

Raley asks this Court, in the alternative, for a finding that "the Order had no effect on and did not preclude Raley from fully and separately litigating the issues of coverage and therefore was not an appealable Order." Appellant's Brief at 15. But if it were true that the District Court's Order was not appealable, then this Court would be required to dismiss the appeal for lack of jurisdiction. *See Moultrie v. Byars*, 585 Fed. Appx. 286 (4th Cir. 2014). Raley is effectively asking this Court, as an alternative remedy, to dismiss his appeal.

Homesite has no objection to dismissal of the appeal. However, Homesite maintains that the District Court's Order was intended to be a final order, and did in fact dispose of any claim of coverage by any of the defendants to this action,

11

including Raley.  Judge Hilton expressly held that Homesite is not obligated to

defend or indemnify Patrick Stapleton with respect to the shooting incident of June

5, 2013.  A122.

By their default, the Stapletons admitted all well-pleaded allegations of fact

set forth in Homesite's Complaint and are barred from contesting those facts on

appeal.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

*See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 (4th Cir. 2008); *Partington v.*

*Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 342 (4th Cir. 2006).   In

particular, the Magistrate Judge found that the following facts, taken from ¶¶ 6-7 of

the Complaint, had been established by the Stapletons' admissions:

> On June 5, 2013, defendant Patrick Stapleton spent the
> evening drinking heavily with his friend, Christopher
> Rock, and Mr. Rock's friend, defendant Kyle Raley, at a
> private residence in Lothian, Maryland.  At some point
> that evening, Mr. Rock handed his loaded,
> semiautomatic, silver and black Smith and Wesson .40
> caliber handgun to defendant Patrick Stapleton and asked
> him to take it inside and place it in Mr. Rock's bedroom.
> As he later told police, defendant Patrick Stapleton
> believed that the loaded .40 caliber handgun was actually
> a BB gun. Defendant Patrick Stapleton also believed that
> it would be humorous to shoot Mr. Raley in his buttocks
> with a BB while he slept in an upstairs bedroom.
>
> Defendant Patrick Stapleton confessed to police that he
> then shot Mr. Raley in his right buttock with the
> handgun.  As a result, Mr. Raley sustained injuries to his
> femoral artery and required emergency surgery, a lengthy
> hospital stay, and physical rehabilitation.

A96-97 (internal citations omitted). These factual admissions lead ineluctably to

the Magistrate's conclusions, which were affirmed by the District Judge:

> Here, plaintiff has no duty to defend or indemnify
> defendant Patrick Stapleton for the shooting of June 5,
> 2013. As alleged, defendant admitted to police that he
> "thought it would be funny to shoot Mr. Riley with a BB
> gun in the buttocks while Mr. Raley was passed out on
> the bed in the upstairs guest bedroom." Defendant thus
> deliberately pointed the gun at Mr. Raley and pulled the
> trigger. Therefore, that shooting was not an "occurrence"
> under the Homeowners Policy because it was not an
> accident.
>
> Furthermore, this shooting is excluded under the
> Homeowners Policy because Mr. Raley's bodily injury
> was "expected or intended by the 'insured.'" Defendant
> pointed the gun at Mr. Raley while he was sleeping and
> intentionally pulled the trigger; therefore, the shooting
> was fully expected or intended by defendant Patrick
> Stapleton.

A102. Thus, the Stapletons' admissions are sufficient as a matter of law to

foreclose any further claim that this shooting incident is covered under the Policy.

Raley retorts that these admissions are not binding on him, and he has

independent standing to litigate coverage on his own behalf. In particular, Raley

seeks to take discovery in order to challenge the facts admitted by the Stapletons.

But such discovery would serve no purpose. Even if the admissions are not

directly binding on Raley, they have the force of evidence and are dispositive of

the coverage issues at bar. *See Kim v. Nyce*, 807 F. Supp. 2d 442, 449 (D. Md.

2011), *rev'd in part on other grounds*, 499 Fed. Appx. 313 (4th Cir. 2012)

("While the Court agrees with PK-THF's contention that Nyce's default judgments do not operate as binding admissions on PK-THF, the crucial fact is that they operate as final and conclusive judgments as to Nyce's fraud and deceit."); *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 393, 469 S.E.2d 469, 472 (Ga. Ct. App. 1996) (co-defendant's default results in an admission that can be used as evidence for the purpose of summary judgment).

Here, unlike in the cases cited by Raley[3], the coverage dispute hinges primarily on the mental state of Patrick Stapleton. Raley bears the burden of proving that the shooting was an "occurrence" as defined by the Policy. *Hartford Acci. & Indem. Co. v. Peach*, 193 Va. 260, 264-265, 68 S.E.2d 520, 522 (1952). Thus, Raley must prove that Patrick did not intend to shoot him, and the shooting was an accident. A35. Yet the only person who has information relevant to this critical question is Patrick himself. And by his default, Patrick has admitted— consistent with his prior police confession—that the shooting was intentional. He is barred from contesting that fact in this action.

Thus, further discovery would serve no purpose. As a matter of law, through Patrick Stapleton's binding admissions, the default judgment has the effect of foreclosing future litigation by ***any party***, including Raley. No amount of

---

[3] For example, in *Penn Am. Ins. Co. v. Valade*, 28 Fed. Appx. 253, 258-259 (4th Cir. 2002), the coverage question turned on whether the property damage was objectively foreseeable. *Bounds*, 2012 U.S. Dist. LEXIS 62099 at *2-3, involved the cancellation of a policy for non-payment.

discovery can change this outcome. Accordingly, the District Court's Order should be affirmed.

## VI.    <u>CONCLUSION</u>

The District Court's Order should be affirmed. There is no basis for delaying the entry of default judgment against the Stapletons. Moreover, Raley failed to respond in any way to Homesite's Motion for Default Judgment, and should not now be heard to complain that his rights have been impaired. Finally, even though default judgment has not been entered against Raley, Patrick Stapleton's admissions foreclose any argument that the shooting incident of June 5, 2013 is covered under the Policy. The declaratory relief awarded by the trial court should not be disturbed.

## VII.    <u>STATEMENT AS TO ORAL ARGUMENT</u>

Oral argument is not warranted under the circumstances of this case. The District Court made no error in its rulings. Moreover, the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

HOMESITE INSURANCE COMPANY
By Counsel

15

_____/s/_____

Robert M. Hardy, Esquire
Virginia Bar Number 74965
Attorney for Homesite Insurance Company
JORDAN COYNE, LLP
10509 Judicial Drive, Suite 200
Fairfax, Virginia 22030
(Tel.) (703) 246-0900
(Fax) (703) 591-3673
r.hardy@jocs-law.com

## CERTIFICATE OF COMPLIANCE (FRAP 32(a)(7)(C)

1.  This brief complies with the type-volume limitations of Fed. R. App. Proc. 32(a)(7)(B) because the brief contains 3,576 words, excluding the parts of the brief exempted by Fed. R. App. P. 37(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. Proc. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in 14 Point Times New Roman.

Dated:  March 27, 2015              HOMESITE INSURANCE COMPANY
                                   By Counsel

                        _____/s/_____
                        Robert M. Hardy, Esquire
                        Virginia Bar Number 74965
                        Attorney for Homesite Insurance Company
                        JORDAN COYNE, LLP
                        10509 Judicial Drive, Suite 200
                        Fairfax, Virginia 22030
                        (Tel.) (703) 246-0900
                        (Fax) (703) 591-3673
                        r.hardy@jocs-law.com

16

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Response Brief of Appellee was on this 27th day of March, 2015, served by electronic means through the ECF system, which will then send a notification of such filing to:

Mark Thomas Foley
SASSCER, CLAGETT & BUCHER
5407 Water Street, Suite 101
Upper Marlboro, MD 20772
(301) 627-5500
mfoley@scblawyers.com
Counsel for Defendant Kyle M. Raley

MAIL COPIES SENT TO:

MIKAL STAPLETON
11447 Mount Hermon Road
Ashland, Virginia  23005-7801

PATRICK L. STAPLETON
11447 Mount Hermon Road
Ashland, Virginia  23005-7801

_____/s/_____
Robert M. Hardy, Esquire
Virginia Bar Number 74965
Attorney for Homesite Insurance Company
JORDAN COYNE, LLP
10509 Judicial Drive, Suite 200
Fairfax, Virginia 22030
(Tel.) (703) 246-0900
(Fax) (703) 591-3673
r.hardy@jocs-law.com